UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LYNN ROMBOLI )<br>    Plaintiff, )<br>)<br>VS. )<br>)<br>CITY OF REVERE, )<br>REVERE POLICE DEPARTMENT, and )<br>CHIEF JAMES GUIDO, )<br>    Defendants. ) | C.A. NO. 1:20-cv-10068 |

**DEFENDANTS' ANSWER AND JURY DEMAND TO
PLAINTIFF'S COMPLAINT**

**FIRST DEFENSE**

The plaintiff's Complaint fails to state a claim against the Defendants, City of Revere, Revere Police Department and Chief James Guido, upon which relief can be granted and, therefore, must be dismissed.

**SECOND DEFENSE**

The Defendants, City of Revere, Revere Police Department and Chief James Guido ("defendants"), hereby respond to plaintiff's Complaint, paragraph by paragraph, as follows:

**INTRODUCTION**

The defendants neither admit nor deny the "Introduction" section of plaintiff's Complaint on the grounds that the statements and allegations contained therein are mere conclusions of law to which no responses are required. To the extent a response is required, the defendants deny the remaining allegations contained in the "Introduction" section.

**PARTIES**

1.    The Defendants admit the allegations contained in Paragraph 1.

2. The Defendants admit the allegations contained in Paragraph 2.

3. The Defendants admit the allegations contained in Paragraph 3

4. The Defendants admit the allegations contained in Paragraph 4.

## ADMINISTRATIVE PREREQUISITES

5. The Defendants admit the allegations contained in Paragraph 5, but neither admit nor deny the contents or characterization of the referenced document as it is a written document that speaks for itself.

6. The Defendants admit the allegations contained in Paragraph 6, but neither admit nor deny the contents or characterization of the referenced document as it is a written document that speaks for itself.

## FACTS

7. The Defendants admit the allegations contained in Paragraph 7.

8. The Defendants admit that Plaintiff has received awards and commendations during her career, but deny Plaintiff's self-serving characterization of her performance.

9. The Defendants deny the allegations contained in Paragraph 9.

10. The Defendants deny the allegations contained in Paragraph 10.

11. The Defendants admit the allegations contained in Paragraph 11.

12. The Defendants admit the allegations contained in Paragraph 12.

13. The Defendants admit the allegations contained in Paragraph 13.

14. The Defendants admit the allegations contained in Paragraph 14.

15. The Defendants lack sufficient information to admit or deny the facts alleged in Paragraph 15 and call upon the Plaintiff to prove same.

16. The Defendants lack sufficient information to admit or deny the facts alleged in Paragraph 16 and call upon the Plaintiff to prove same.

17. The Defendants deny the allegations contained in Paragraph 17 that Chief Cafarelli insisted that Plaintiff be the specific Sergeant (i.e. Plaintiff) moved from the CID to the patrol division. The Defendants lack sufficient information to admit or deny the remainder of the allegations in Paragraph 17 and call upon the Plaintiff to prove same.

18. The Defendants deny the allegations contained in Paragraph 18 that Chief Cafarelli insisted that Plaintiff be the specific Sergeant (i.e. Plaintiff) moved from the CID to the patrol division. The Defendants lack sufficient information to admit or deny the remainder of the allegations in Paragraph 18 and call upon the Plaintiff to prove same.

19. The Defendants deny the allegations contained in Paragraph 19 as Plaintiff's seniority is irrelevant to assignment decisions.

20. The Defendants lack sufficient information to admit or deny the facts alleged in Paragraph 20 and call upon the Plaintiff to prove same.

21. The Defendants lack sufficient information to admit or deny the facts alleged in Paragraph 21 and call upon the Plaintiff to prove same.

22. The Defendants admit that they are aware that Plaintiff complained to Lt. Goodwin about Sgt. Pisano. The Defendants deny the allegations contained in the second sentence of Paragraph 22.

23. The Defendants lack sufficient information to admit or deny the facts alleged in Paragraph 23 and call upon the Plaintiff to prove same.

24. The Defendants admit that Sgt. Pisano retired and then was permitted to hold a civilian position for a short period of time during the transition period for detectives.

25. The Defendants admit the allegations contained in Paragraph 25.

26. The Defendants deny the allegations contained in Paragraph 26 as phrased as the collective bargaining agreement applies to special assignment appointments. The CBA refers to civil service promotions in rank only. Special assignments are made at the discretion of the Chief of Police and available resources and staff is taken into consideration.

27. The Defendants admit the allegations contained in Paragraph 27.

28. The Defendants admit the allegations contained in Paragraph 28.

29. The Defendants lack sufficient information to admit or deny the facts alleged in Paragraph 29 and call upon the Plaintiff to prove same. The position of Unit Supervisor is a special assignment made at the discretion of the Chief of Police and not controlled by the collective bargaining agreement.

30. The Defendants deny the allegations contained in Paragraph 30 as phrased as the collective bargaining agreement applies to special assignment appointments. The CBA refers to civil service promotions in rank only. Special assignments are made at the discretion of the Chief of Police. The Defendants lack sufficient information to admit or deny the facts alleged in Paragraph 30 as to whether Plaintiff had made the alleged statements to Lt. Goodwin and call upon the Plaintiff to prove same.

31. The Defendants deny the allegations contained in Paragraph 31 as phrased as the collective bargaining agreement applies to special assignment appointments. The CBA refers to civil service promotions in rank only. Special assignments are made at the discretion of the Chief of Police. The Defendants lack sufficient information to admit or deny the facts alleged in Paragraph 31 as to whether Plaintiff had made the alleged statements to Lt. Goodwin and call upon the Plaintiff to prove same.

32. The Defendants lack sufficient information to admit or deny the facts alleged in Paragraph 32 and call upon the Plaintiff to prove same.

33. The Defendants lack sufficient information to admit or deny the facts alleged in Paragraph 33 and call upon the Plaintiff to prove same. The Defendants neither admit nor deny the contents or characterization of the referenced email as it is a written document that speaks for itself.

34. The Defendants lack sufficient information to admit or deny the facts alleged in Paragraph 34 and call upon the Plaintiff to prove same. The Defendants neither admit nor deny the contents or characterization of the referenced email as it is a written document that speaks for itself.

35. The Defendants neither admit nor deny the contents or characterization of the referenced shift list attached as Exhibit 2 as it is a written document that speaks for itself. The Defendants admit that former Chief Cafarelli, not Chief Guido, assigned Plaintiff to the patrol division but deny the remainder of the allegations in Paragraph 35.

36. The Defendants admit the allegations contained in the first sentence of Paragraph 36. The Defendants deny Plaintiff's characterization that she is no longer assigned to the Human Trafficking Task Force.

37. The Defendants admit that Sergeants Picardi and Impemba remained in their special assignments, but those assignments are specifically related to drugs. Sgt. Picardi is assigned full-time to the DEA while Sgt. Impemba assigned to the Department's drug unit and also has a special appointment to the FBI's Task Force on a part-time basis.

38. The Defendants lack sufficient information to admit or deny the remainder of the allegations in Paragraph 38 and call upon the Plaintiff to prove same

39. The Defendants deny the characterization of Plaintiff's allegations as Sgt. Bruzzese, also a female, remained in her role. The Defendants lack sufficient information to admit or deny the remainder of the allegations in Paragraph 39 and call upon the Plaintiff to prove same.

40. The Defendants deny the allegations contained in Paragraph 40 to the extent they refer to personnel decisions made by Chief Guido. When Chief Guido was appointed, he assigned Sgt. Colannino as Court Liaison because he determined a superior officer was more appropriate for the position than a patrol officer. With regards to the Traffic Unit, Sgt. Rose is still assigned to the shift and completes traffic duties when staffing permits.

41. The Defendants admit that Sgt. Impemba became the Drug Unit Supervisor based upon his extensive work in the drug unit as a detective. The Defendants admit Plaintiff has seniority, but deny assignments are made solely based upon seniority.

42. The Defendants admit the allegations contained in Paragraph 42.

43. The Defendants lack sufficient information to admit or deny the facts alleged in Paragraph 43 and call upon the Plaintiff to prove same.

44. The Defendants lack sufficient information to admit or deny the facts alleged in Paragraph 44 and call upon the Plaintiff to prove same.

45. To the extent a police report concerning a November 23, 2016 incident exists, it may be a public record. If such public record exists, then Plaintiff can obtain a copy of that record through a public records request. The Defendants lack sufficient information to admit or deny the remainder of the allegations in Paragraph 45 and call upon the Plaintiff to prove same. The Defendants admit that no log entry was created.

46. The Defendants lack sufficient information to admit or deny the facts alleged in Paragraph 46 and call upon the Plaintiff to prove same.

47. The Defendants deny the allegations contained in Paragraph 47. Plaintiff's FOB access was re-programmed to match her assignment to the patrol division.

48. The Defendants deny the allegations contained in Paragraph 48.

49. The Defendants deny the allegations contained in Paragraph 49.

50. The Defendants deny the allegations contained in Paragraph 50 and deny the authenticity of the attached Exhibit.

51. The Defendants deny the allegations contained in Paragraph 51.

52. The Defendants deny the allegations contained in Paragraph 52.

53. The Defendants deny the allegations contained in Paragraph 53.

54. The Defendants deny the allegations contained in Paragraph 54.

55. The Defendants admit the allegations contained in Paragraph 55.

56. The Defendants admit that Plaintiff was tied with Sgt. Impemba and believe that the original list provided by the Civil Service Commission was incorrect as the Commission policy is to list those tied alphabetically. The Defendants state that the original list considered a decimal point score, where Commission policy is to issue the list based on whole numbers.

57. The Defendants deny Plaintiff's characterization of Chief Guido's relationship with Sgt. Impemba. Chief Guido admits that he has attended charity events, ceremonies, and events hosted by Mayor Arrigo that Sgt. Impemba has also attended.

58. The Defendants admit the allegations contained in the first sentence of Paragraph 58. The Defendants deny the insinuation that Chief Guido's appointment as Chief was based upon anything other than his work history and qualifications.

59. The Defendants admit that Chief Guido's email to specific members of the Department sought such a letter. The Defendants neither admit nor deny the contents or characterization of the referenced email as it is a written document that speaks for itself. By way of further responding, the Defendants note that Plaintiff was included on the email list and, therefore, considered by Chief Guido to be a candidate for promotion.

60. The Defendants neither admit nor deny the contents or characterization of the referenced email as it is a written document that speaks for itself. The Mayor of Revere is the City's appointing authority.

61. The Defendants lack sufficient information to admit or deny the facts alleged in Paragraph 61 and call upon the Plaintiff to prove same.

62. The Defendants admit the allegations contained in Paragraph 62.

63. The Defendants deny the allegations contained in Paragraph 63.

64. The Defendants deny the allegations contained in Paragraph 64.

65. The Defendants admit the allegations in Paragraph 65, except that Sgt. Rose is still assigned to his patrol shift and performs traffic duty when staffing allows. Likewise, Sgt. Romboli is assigned to a patrol shift and may perform human trafficking duties when staffing allows.

66. The Defendants deny the allegations in Paragraph 66.

67. The Defendants admit that both Plaintiff and Sgt. Rose were wearing service bars and further state that as Sergeants, both should have been well aware this was a uniform policy violation. Defendants deny the remainder of the allegations contained in Paragraph 67.

68. The Defendants admit the allegations contained in Paragraph 68.

69. The Defendants admit the allegations contained in Paragraph 69.

70. The Defendants deny the allegations contained in Paragraph 70.

71. The Defendants admit the allegations contained in Paragraph 71.

72. The Defendants deny the allegations contained in Paragraph 72. Chief Guido spoke with Plaintiff about why working the "Impact Shift" would allow her to perform her human trafficking work from 12 p.m. to 5 p.m. when her colleagues on the task force were also working during the day.

73. The Defendants admit the allegations contained in Paragraph 73.

74. The Defendants admit that Plaintiff's paperwork was not properly completed, but deny that Chief Guido yelled at Plaintiff.

75. The Defendants neither admit nor deny the contents or characterization of the referenced document as it is a written document that speaks for itself.

76. The Defendants admit the allegations contained in Paragraph 76.

77. The Defendants admit that Plaintiff's paperwork was not properly completed, but deny that Chief Guido yelled at Plaintiff or that he was angry.

78. The Defendants deny the allegations contained in the first sentence of Paragraph 78. The Defendants neither admit nor deny the contents or characterization of the referenced document as it is a written document that speaks for itself.

79. The Defendants deny the allegations contained in Paragraph 79.

80. The Defendants deny the allegations contained in Paragraph 80.

81. The Defendants deny the allegations contained in Paragraph 81.

82. The Defendants deny the allegations contained in Paragraph 82.

83. The Defendants deny the allegations contained in Paragraph 83.

84. The Defendants deny the allegations contained in Paragraph 84.

85. The Defendants admit the allegations contained in the first sentence of Paragraph 85. The Defendants deny the allegations contained in the second sentence of Paragraph 85.

86. The Defendants admit that Plaintiff is the supervisor on her shift. The Defendants deny the allegations contained in the second sentence of Paragraph 86.

87. The Defendants deny the allegations contained in Paragraph 87. Plaintiff was provided with the "spare car" so she could perform her human trafficking work.

88. The Defendants deny the allegations contained in Paragraph 88.

89. The Defendants deny the allegations contained in Paragraph 89, except that Chief Guido called Plaintiff, asked her to meet with him and had a discussion with Plaintiff explaining that Plaintiff must inform the Department of her whereabouts and that she needed to keep her radio on.

90. The Defendants deny the allegations contained in Paragraph 90. Chief Guido requested that Plaintiff file a To-From form for the Department to hold in case the Department or Plaintiff was ever questioned about her whereabouts.

91. The Defendants neither admit nor deny the contents or characterization of the referenced document as it is a written document that speaks for itself. The document is not a disciplinary record.

92. The Defendants neither admit nor deny the contents or characterization of the referenced email as it is a written document that speaks for itself.

93. The Defendants lack sufficient information to admit or deny the facts alleged in Paragraph 93 and call upon the Plaintiff to prove same.

94. The Defendants admit the allegations contained in Paragraph 94.

95. The Defendants deny the allegations contained in Paragraph 95.

96. The Defendants deny the allegations contained in Paragraph 96 as the referenced civil service list has expired and Plaintiff chose not to retest and, therefore, is no longer on the civil service promotional list. The applicable and current civil service promotional list is a written document while speaks for itself.

97. The Defendants lack sufficient information to admit or deny the facts alleged in Paragraph 97 and call upon the Plaintiff to prove same. Defendants admit that Chief Guido and Lt. Maria Lavita met with Lt. Impemba where he raised concern that

Plaintiff had personally investigated the domestic incident, but deny that Lt. Impemba sought to sabotage Plaintiff.

98. The Defendants neither admit nor deny the contents or characterization of the referenced posting as it is a written document that speaks for itself. The posting also indicates that "Duties may also include assisting the Drug Unit on an as needed basis."

99. The Defendants admit Plaintiff submitted her application and letter. The Defendants deny the allegations contained in the second sentence of Paragraph 99. The Department sought a candidate with drug experience. The Defendants admit that the position was offered to Sgt. Hickey, who first turned the position down. The position was then offered to another female candidate, Officer Christina Bagnera.

100. The Defendants lack sufficient information to admit or deny the facts alleged in Paragraph 100 and call upon the Plaintiff to prove same.

101. The Defendants deny the allegations contained in Paragraph 101 and call upon the Plaintiff to prove same.

102. The Defendants deny that Plaintiff has submitted a request for a reassignment to Chief Guido. The Defendants admit that Officer Patrizzi submitted and was granted a shift reassignment.

103. The Defendants deny the allegations contained in Paragraph 103.

104. The Defendants deny the allegations contained in Paragraph 104.

105. The Defendants deny the allegations contained in Paragraph 105.

106. The Defendants deny the allegations contained in Paragraph 106.

### COUNT ONE – CIVIL RIGHTS, 42 U.S.C 1983

107. The Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 106 above.

108. The Defendants deny the allegations contained in Paragraph 108.

109. The Defendants deny the allegations contained in Paragraph 109.

110. The Defendants deny the allegations contained in Paragraph 110.

### COUNT TWO – MASS CIVIL RIGHTS ACT – M.G.L. ch. 12 §§ H, I

111. The Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 110 above.

112. The Defendants deny the allegations contained in Paragraph 112.

113. The Defendants deny the allegations contained in Paragraph 113.

### COUNT THREE -WHISTLEBLOWER PROTECTION ACT–M.G.L. c. 149 §185(b)(1),(3)

114. The Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 113 above.

115. The Defendants deny the allegations contained in Paragraph 115.

116. The Defendants deny the allegations contained in Paragraph 116.

117. The Defendants deny the allegations contained in Paragraph 117.

118. The Defendants deny the allegations contained in Paragraph 118.

119. The Defendants deny the allegations contained in Paragraph 119.

### COUNT FOUR – SEX/GENDER DISCRIMINATION– M.G.L. ch. 151B

120. The Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 119 above.

121. The Defendants deny the allegations contained in Paragraph 121.

122. The Defendants deny the allegations contained in Paragraph 122.

123. The Defendants deny the allegations contained in Paragraph 123.

124. The Defendants deny the allegations contained in Paragraph 124.

### COUNT FIVE – RETALIATION – M.G.L. ch. 151B

125. The Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 124 above.

126. The Defendants deny the allegations contained in Paragraph 126.

127. The Defendants deny the allegations contained in Paragraph 127.

128. The Defendants deny the allegations contained in Paragraph 128.

129. The Defendants deny the allegations contained in Paragraph 129.

130. The Defendants deny the allegations contained in Paragraph 130.

### THIRD DEFENSE

The plaintiff has unclean hands and, therefore, is not entitled to equitable relief.

### FOURTH DEFENSE

The defendants state that the plaintiff's Complaint should be dismissed as any harm the plaintiff suffered is a result of her own actions, inactions, errors and/or omissions.

### FIFTH DEFENSE

The defendants state that their acts and conduct were performed according to, and protected by, law and/or legal process and, therefore, the plaintiff cannot recover.

### SIXTH DEFENSE

The defendants state that the plaintiff's damages, if any, were caused by someone for whose conduct the defendants cannot be held responsible.

### SEVENTH DEFENSE

The plaintiff cannot establish a prima facie case of sexual harassment, retaliation and/or gender discrimination and, therefore, cannot recover.

### EIGHTH DEFENSE

The defendants state that the plaintiff failed to mitigate her damages as required by law.

### NINTH DEFENSE

If any alleged conduct did occur, which the defendants deny, the defendants nonetheless exercised reasonable care to prevent and promptly corrected such alleged conduct or behavior under *Faragher/Ellerth*.

### TENTH DEFENSE

The plaintiff failed to exhaust her administrative remedies and, therefore, cannot recover.

### ELEVENTH DEFENSE

The defendants had valid, non-discriminatory reasons for their actions and, therefore, the plaintiff cannot recover.

### TWELFTH DEFENSE

The plaintiff's claims against the defendants are wholly insubstantial, frivolous and not advanced in good faith.  M.G.L. c. 231, § 6F; M.G.L. c. 258, § 11.

### THIRTEENTH DEFENSE

The plaintiff cannot prove the defendants' legitimate, non-discriminatory reason for its action is a pretext for intentional discrimination.

### FOURTEENTH DEFENSE

The defendants have complied with all laws and regulations and has otherwise satisfied its statutory obligations towards the plaintiff under Chapter 151B.

### FIFTEENTH DEFENSE

The plaintiff cannot show the defendants were negligence in their actions/inactions.

### SIXTEENTH DEFENSE

The defendants cannot be held liable under 29 CFR 1604.11.

### SEVENTEENTH DEFENSE

If any alleged conduct did occur, which the defendants deny, the alleged conduct was not pervasive or severe.

### EIGTEENTH DEFENSE

The defendants are absolutely immune from suit and liability.

### NINETEENTH DEFENSE

The defendants are protected from suit and liability under the doctrine of qualified immunity. Gildea v. Ellershaw, 363 Mass. 800, 820 (1973); Breault v. Chairman of Bd. of Fire Commissioners of Springfield, 401 Mass. 26, 38 (1987).

### TWENTIETH DEFENSE

The plaintiff's claims are barred by the applicable statutes of limitations.

### TWENTY-FIRST DEFENSE

The plaintiff failed to exhaust her administrative remedies and, therefore, cannot recover.

### TWENTY-SECOND DEFENSE

The plaintiff's claims against the defendants constitute an abuse of process.

### TWENTY-THIRD DEFENSE

The defendant, Guido, cannot be held personally liable to the plaintiff.

### TWENTY-FOURTH DEFENSE

The "Revere Police Department" is not a legal entity subject to suit.

## TWENTY-FIFTH DEFENSE

The plaintiff's claims are barred, in whole or in part, because she failed to pursue remedies available under the applicable Collective Bargaining Agreement as required by Mass. Gen. Laws c. 150E, §8.

## TWENTY-SIXTH DEFENSE

The plaintiff's claims are barred, in whole or in part, because she failed to satisfy the written notice requirements of establishing a whistleblower claim under Mass. Gen. Laws c. 149, §185 (the "Act").

## TWENTY-SEVENTH DEFENSE

The plaintiff's remaining claims are barred under the exclusivity provision of the Act, §185(f).

## JURY DEMAND

The defendants demand a trial by jury on all Counts of plaintiff's Complaint.

The Defendants,

CITY OF REVERE,
REVERE POLICE DEPARTMENT, and
CHIEF JAMES GUIDO,
By their Attorneys,

**PIERCE DAVIS & PERRITANO LLP**

*/s/ Seth B. Barnett*
_____
Seth B. Barnett, BBO #661497
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
sbarnett@piercedavis.com

17

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on February 7, 2020.

                                        */s/ Seth B. Barnett*
                                        _____
                                        Seth B. Barnett, Esq.